UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:89-CR-9-1F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CARL ROBERT CHRISTY, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Alter or Amend Judgment [DE-15] filed by Carl Robert Christy ("Christy").

On November 6, 1989, Christy was sentenced to three hundred (300) months imprisonment after having been found guilty of conspiring to possess with the intent to distribute in excess of five (5) kilograms of cocaine. His sentence also included a five (5) year term of supervised release, which commenced on December 4, 2009, in the Southern District of Florida. As Christy had been in full compliance with the conditions of his supervised release, the United States Probation Office transferred Christy to the Low Risk Caseload designed for offenders who pose a low risk for recidivism and danger to the community.

Christy, on December 29, 2011, filed the Motion for Early Termination of Supervised Release [DE-13]. In essence, he argued that such termination was appropriate based on his full compliance and because the supervised release hindered his ability to travel as required by his new occupational pursuit. In accordance with 18 U.S.C. § 3583(e), and after considering the pertinent factors set forth in 18 U.S.C. § 3553(a), the court denied Christy's request. Now, through the guise

of the Motion to Alter or Amend Judgment,[1] it appears that Christy, again, is seeking to have his supervised release terminated. In the Order [DE-14] filed February 10, 2012, the court explained in sufficient detail why an early termination of Christy's supervised release was not appropriate. The court will not rehash its explanation and advises Christy to review the previous order carefully.

To the extent that Christy is arguing that he would be entitled to an early termination of supervised release based on recent amendments to the United States Sentencing Guidelines Manual § 5D1.2, the court finds such argument unpersuasive. Although the amendments lowered the minimum term that the court may impose for supervised release, it did not alter the maximum term that may be imposed. In other words, there is no question that a five-year term of supervised release is specifically authorized for the offense which Christy was convicted. *See* 18 U.S.C. § 3583; *U.S.S.G.* § 5D1.2. Christy also points to the commentary associated with § 5D1.2, which states, in pertinent part that:

> [t]he court has authority to terminate or extend a term of supervised release...[t]he court is encouraged to exercise this authority in appropriate cases....the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant.

*U.S.S.G.* § 5D1.2 cmt. n.5 (2011). This commentary does not alter the court's rationale and decision denying Christy's request for early termination of supervised release. Again, the court, pursuant to 18 U.S.C. § 3583(e), and after considering the pertinent factors set forth in 18 U.S.C. § 3553(a),

---

[1] It appears that Christy is relying on Rule 59(e) of the Federal Rules of Civil Procedure to alter his criminal judgment, namely, the supervised release term imposed.

denied such request. Accordingly, Christy's instant Motion to Alter or Amend Judgment [DE-15] is DENIED.

SO ORDERED.

This the 27th day of February, 2012.

                                                   JAMES C. FOX
                                                   Senior United States District Judge

3

Case 5:89-cr-00009-F   Document 16   Filed 02/28/12   Page 3 of 3